JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for PLAINTIFF,
CODY RAY PETTIGREW

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY RAY PETTIGREW,<br><br>PLAINTIFF,<br>v.<br><br>COUNTY OF BUTTE, a municipal corporation; KORY L. HONEA, individually and in his capacity as Sheriff for BUTTE COUNTY; MAXIE, individually and in his capacity as an Deputy for Butte County Jail; CHRISTOPHER LOCKHART, individually and in his capacity as a Deputy for the Butte County Jail; B. WILLIAMSON, individually and in his capacity as a Deputy for Butte County Jail; D. DARNELL, individually and in his capacity as a Deputy for Butte County Jail; ASHLEY, individually and in her capacity as a Deputy for the Butte County Jail; WELLPATH, INC., a privately held corporation; DANIELLE, individually and in her capacity as a WELLPATH, INC. Nurse for Butte County Jail;; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## INTRODUCTION

1. On November 14, 2019, Defendants, COUNTY OF BUTTE deputies unlawfully ignored CODY PETTIGREW'S medical needs. Deputies LOCKHART and WILLIAMSON assaulted PETTIGREW.

2. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California. This action is against the COUNTY OF BUTTE and DOES 1-50.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein took place in the County of Butte, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over PLAINTIFF's state law causes of action under 28 U.S.C. § 1367.

## PARTIES

4. PLAINTIFF CODY RAY PETTIGREW ("PLAINTIFF" or "PETTIGREW") has been and is a resident of California and a United States Citizen.

5. Defendant COUNTY OF BUTTE (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Butte County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant COUNTY was the employer of DOES 1-50 Defendants.

6. Defendant KORY L. HONEA (hereinafter "HONEA"), is the SHERIFF for BUTTE COUNTY and is sued individually and in his official capacity.

7. Defendant MAXIE (hereinafter "MAXIE"), was a correctional officer for the COUNTY SHERIFF'S DEPARTMENT and is sued individually and in his official capacity.

8. Defendant CHRISTOPHER LOCKHART (hereinafter "LOCKHART"), was a correctional officer for the COUNTY SHERIFF'S DEPARTMENT and is sued individually and in his official capacity.

9. Defendant B. WILLIAMSON (hereinafter "WILLIAMSON"), was a correctional officer for the COUNTY SHERIFF'S DEPARTMENT and is sued individually and in his official capacity.

10. Defendant D. DARNELL (hereinafter "DARNELL"), was a deputy for the COUNTY SHERIFF'S DEPARTMENT and is sued individually and in his official capacity.

11. Defendant J. DANIELLE (hereinafter "DANIELLE"), was a nurse for WELLPATH and is sued individually and in her official capacity.

12. Defendant ASHLEY (hereinafter "ASHLEY"), was a deputy for the COUNTY SHERIFF'S DEPARTMENT and is sued individually and in her official capacity.

13. Defendant BUTTE COUNTY (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Butte County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of DOES Defendants.

14. Defendant WELLPATH, INC. (hereinafter "WELLPATH"), previously/also known as CORRECTIONAL MEDICAL GROUP COMPANIES and CALIFORNIA FORENSIC MEDICAL GROUP, was at all times herein mentioned a Delaware corporation licensed to do business in California. WELLPATH and its employees and agents are responsible for making and enforcing policies, procedures, and training relating to the medical care of prisoners and detainees in

Defendant COUNTY OF BUTTE jails, including providing reasonable medical care to prisoners and detainees, as well as providing reasonable medical care to specific prisoners or detainees as specifically ordered by BUTTE County Superior Court Judges in court orders directed at WELLPATH, and all WELLPATH policies, procedures, and training related thereto.

15. PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein. PLAINTIFF will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

16. PLAINTIFF is required to comply with an administrative tort claim requirement under California law. On February 21, 2020 PLAINTIFF filed an administrative claim with the COUNTY OF BUTTE. On February 22, 2020 PLAINTIFF filed an administrative claim with the Butte County Sherriff's Department. The PLAINTIFF has exhausted all administrative remedies pursuant to California Government Code Section 910.

## FACTUAL ALLEGATIONS

17. The incident took place on November 14, 2019. The location of the incident was Butte County Jail, located at 33 County Center Drive, Oroville, CA 95965. Cody Pettigrew was an inmate at Butte County Jail. Mr. Pettigrew informed staff that he suffered from seizures. The deputy responded, "it's not a problem, we will get to it when we do." Pettigrew's mother, Destiney Stewart, spoke to Ashley at the medical unit of the Butte County jail. Mrs. Stewart informed Ashley about Pettigrew's frequent seizures. Officer Maxie assigned Mr. Pettigrew a top bunk.

18. On November 15, 2019, Mr. Pettigrew told a deputy that he anticipated a seizure. He asked staff for his seizure medication. Wellpath staff did not give Mr. Pettigrew his seizure

medication. Pettigrew suffered a seizure. Pettigrew fell off the top bunk. He hit his head on the floor. Deputies C. Lockhart and B. Williamson entered the cell. The deputies hit Pettigrew on the head with a stick. Then, they dragged him down a flight of stairs. Next, one of the deputies put their knees on Mr. Pettigrew's chest. Pettigrew suffered the following injuries: lumps on his head, two black eyes, cuts on his eyebrows, and bruising on his chest. The deputies said that he faked his seizures. The jail staff locked Mr. Pettigrew in a cell for three days without follow-up medical care. On December 2, 2019, he suffered another seizure. He requested immediate medical assistance. Deputy D. Darnell acknowledged the request but did not provide assistance. Pettigrew had another seizure. Wellpath nurse Danielle delivered his medication on the jail floor. At one point, Mr. Pettigrew found glass shards in his food. Pettigrew filed several formal grievances with Butte County Jail. Consequently, deputies placed him in solitary confinement. Jail staff also took away Pettigrew's phone and TV privileges. Butte County Jail Deputies and Wellpath Medical Staff failed to provide seizure medication to Pettigrew.

19. As a result, Mr. Pettigrew suffered physical and emotional trauma. Pettigrew is still an inmate in Butte County Jail. He is isolated. He fears for his life.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Violation of PLAINTIFF's Civil Rights)**
**(Against All Defendants)**

20. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 19 of this Complaint.

21. Defendants' above-described conduct constituted violations of PETTIGREW'S rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him. Sherriff's Deputies and WELLPATH staff deliberately and unlawfully ignored PETTIGREW'S medical needs.  COUNTY Sheriff's Deputies then assaulted PETTIGREW. Deputies LOCKHART and WILLAIMSON'S use of excessive force injured

PETTIGREW. COUNTY Sheriff's Deputies then locked PETTIGREW in a cell for three days without follow-up medical care.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution- Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

22. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23. Defendants' above-described conduct violated PLAINTIFF's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him. Defendant deputies know, or should have known, how to use proper force. The state of California requires deputies to learn about excessive force. POST Learning Domain 20 states "in all cases the use of force must be reasonable compared to the threat."

24. DEPUTIES WILLIAMSON and LOCKHART used excessive force on PETTIGREW during a medical emergency. DEPUTIES did not have reasonable suspicion that PETTIGREW was a threat. DEPUTIES said that PETTIGREW faked his seizures. DEPUTIES WILLIAMSON and LOCKHART hit PETTIGREW on his head with a stick. Then DEPUTIES dragged him down a flight of stairs. Next, one of the DEPUTIES put their knee on PETTIGREW'S chest. PETTIGREW suffered the following injuries: lumps on his head, two black eyes, cuts on his eyebrows and bruising on his chest.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of the Fourteenth Amendment of the United States Constitution- Deliberate Indifference to Pre-trial Detainee Medical Need)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

25. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

26. As set forth above, PLAINTIFF was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and COUNTY OF BUTTE, which rights include, but are not limited to, privileges and immunities secured to PLAINTIFF by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of PETTIGREW.

27. Defendants knew or had reason to know that PETTIGREW had frequent seizures. Yet, Defendants intentionally failed to seek proper medical treatment required to prevent PETTIGREW'S seizures. Defendants failed to seek the proper medical attention despite repeated grievances from PETTIGREW.

28. On November 14, 2019 PETTIGREW'S mother, Mrs. Destiney Stewart told ASHLEY, during his intake about PETTIGREW'S frequent seizures. On following multiple occasions, PETTIGREW repeatedly told DEPUTIES that he has frequent seizures and will need his medication.

29. Instead of providing the medication to PETTIGREW, the defendants continually and intentionally ignored PETTIGREWS' medical needs.

30. Deputy MAXIE assigned PETTIGREW a top bunk bed, indifferent to his request to be in a lower bunk bed. PETTIGREW fell off the bunk bed during a seizure. He hit his head on the floor.

31. On December 2, 2019, PETTIGREW suffered another seizure. PETTIGREW requested immediate medical assistance. Deputy D. DARNELL acknowledged the request but did not provide assistance. Deputy DARNELL deliberately ignored PETTIGREW'S request for medical assistance. DARNELL and WELLPATH staff did not provide PETTIGREW with his medication. PETTIGREW had another seizure.

32. WELLPATH jail nurse DANIELLE placed PETTIGREW'S medication on the jail floor.

33. Mr. PETTIGREW found glass shards in his food.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Violation of the Fourteenth Amendment of the United States Constitution- Due Process Violation)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

34. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 33 of this Complaint.

35. Defendants' above-described conduct constituted violations of PETTIGREW'S rights as provided for under the Fourteenth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him. Defendant deputies knew, or should have known, how to use proper force. The state of California requires deputies to learn about excessive force. POST Learning Domain 20 states "in all cases the use of force must be reasonable compared to the threat."

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(*Monell* - 42 U.S.C. § 1983)**
**(Against COUNTY OF BUTTE and HONEA)**

36. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 35 of this Complaint.

37. COUNTY officials failed to train their deputies to use force that is reasonable compared to the threat. PLAINTIFF is informed and believes and thereon alleges that high-ranking COUNTY officials, Defendant HONEA as Sheriff for the COUNTY OF BUTTE is sued individually and in his official capacity. COUNTY Sheriff, deputies and DOES 1-50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional use of force by

COUNTY Sheriff's deputies. COUNTY deputies are required to learn about proper use of force. The proper use of force is outline POST Learning Domain 20.

38. The COUNTY OF BUTTE has a pattern of COUNTY deputies using excessive force. For example: On May 17, 2006, COUNTY OF BUTTE Sheriff Deputy Pat McNelis used excessive force in detaining Edgar Mac Collins. Collins was on parole when he was chased by Sheriff COUNTY Deputies. COUNTY Deputies tasered him three times, empties an entire canister on McNelis' face. McNelis also placed his knee on the head and back of Collins. On June 7, 2008, during a lockdown incident, BUTTE COUNTY Sheriff's Correctional Officer Marten shot inmate Grant S. Parkinson in the back of the head point-blank using a gun loaded with pepper balls.

39. The COUNTY OF BUTTE has a pattern of medical negligence. For example: On March 9, 2006, Jean Miller, an inmate at the BUTTE COUNTY Jail, filed an instant action against the BUTTE COUNTY Sheriff's Department and California Forensic Medical Group ("CFMG") alleging civil rights violations and medical malpractice due to lack of medical care. Jean Miller experienced seizures after Butte County medical staff failed to provide her with medication.

40. Despite having such notice, PETTIGREW is informed and believes and thereon alleges COUNTY officials, and DOES 1-50, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing patterns of deputies using excessive force, medical malpractice and deliberate indifference. These continued patterns of abuse caused COUNTY deputies to use excessive force on PETTIGREW. The facts surrounding PETTIGREW'S beating are factually similar to the facts surrounding the above cited cases. Specifically, COUNTY deputies then used excessive force to unlawfully subdue PETTIGREW during his medical emergency.

41. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking COUNTY officials, and DOES 26-50, and each of them resulted in the deprivation of PETTIGREW'S constitutional rights. PETTIGREW sustained injuries and distress due to the excessive force and unlawful beating.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Violation of the CALIFORNIA GOVERNMENT CODE §845.6)
### (Against Defendants HONEA, COUNTY, MAXIE, LOCKHART, WILLIAMSON, DARNELL, ASHLEY)

42. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 41 of this Complaint.

43. Defendants COUNTY knew or had reason to know that PLAINTIFF needed immediate and higher-level medical care, treatment, observation and monitoring, including administering the proper medications to PLAINTIFF once Defendants had been aware that PLAINTIFF required medical treatment. Defendants failed to take reasonable action to provide PLAINTIFF access to his medication during his seizure. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant COUNTY, knowing and/or having reason to know this, failed to take reasonable action provide PLAINTIFF access to such care and treatment in violation of California Government Code § 845.6.

44. As a legal cause of the aforementioned acts of all Defendants, PLAINTIFF was injured as set forth above, and their losses entitle them to all damages allowable under California Law. PLAINTIFF sustained serious injuries and is entitled to damages, penalties, costs, and attorney fees under California laws.

WHEREFORE, PLAINTIFFs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE §52.1)
### (Against Defendants HONEA, COUNTY, MAXIE, LOCKHART, WILLIAMSON, DARNELL, ASHLEY)

45. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

46. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion with PETTIGREW'S peaceable exercise and

enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

47. On November 15, 2019, Mr. Pettigrew told a deputy that he anticipated a seizure. He asked staff for his seizure medication. The staff did not give Mr. Pettigrew his seizure medication. Pettigrew suffered a seizure. Pettigrew fell off the top bunk. He hit his head on the floor. Deputies C. LOCKHART and B. WILLIAMSON entered the cell. The deputies intimidated and injured PETTIGREW when they hit him on the head with a stick. Then, they dragged him down a flight of stairs. Next, one of the deputies put their knees on PETTIGREW'S chest. PETTIGREW suffered the following injuries: lumps on his head, two black eyes, cuts on his eyebrows, and bruising on his chest. COUNTY deputies interfered with PETTIGREW'S enjoyment of rights and peaceable exercise by using excessive and unreasonable force. COUNTY deputies unreasonably punished and intimidated PETTIGREW when they locked in a cell for three days without follow-up medical care. Jail nurse DANIELLE delivered his medication on the jail floor. At one point, PETTIGREW found glass shards in his food. PETTIGREW filed several formal grievances with Butte County Jail. Consequently, COUNTY deputies placed him in solitary confinement. Jail staff also took away Pettigrew's phone and TV privileges. COUNTY deputies' actions amount to coercion and interference of PETTIGREW'S enjoyment of rights and peaceable exercise.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Negligence)**
**(Against All Defendants)**

48. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 47 of this Complaint.

49. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DEFENDANTS and COUNTY DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person.

50. At all times mentioned herein, DEFENDANTS and COUNTY DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant COUNTY. As such, Defendant COUNTY is liable in respondeat superior for the injuries caused by the acts and omissions of DEFENDANTS and DOES 1-50 pursuant to section 815.2 of the California Government Code. Similarly, COUNTY Deputies, and DOES 1-50, were acting within the course and scope of their employment and/or agency with Defendant COUNTY. As such, Defendant COUNTY is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants WELLPATH, COUNTY and DOES 1-50.

51. At all times, each Defendants owed PETTIGREW a duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

52. Defendants disregarded their duty to PETTIGREW by use of unreasonable, unjustified force during a medical emergency. COUNTY deputies used excessive and unreasonable force to unlawfully beat PETTIGREW.

53. As a direct and proximate result of Defendants' negligent actions, PETTIGREW sustained injuries and damages.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against All Defendants)**

54. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 53 of this Complaint.

55. Defendants knew or should have known their actions would cause PETTIGREW emotional distress. Defendants intentionally ignored or recklessly disregarded the foreseeable risk that PETTIGREW would suffer extreme emotional distress as a result of their conduct.

56. WELLPATH staff and COUNTY had or should have had notice about PETTIGREW'S frequent seizures. Upon PETTIGREW'S entry to Butte County Jail, the COUNTY was on notice that PETTIGREW had frequent seizures. COUNTY Deputies assaulted and beat

PETTIGREW during a seizure episode. As such, COUNTY deputies knew, or should have known, that using excessive force during a seizure would cause PETTIGREW emotional distress.

57. As a result of defendants' collective actions, PETTIGREW suffered from emotional distress.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### TENTH CAUSE OF ACTION
**(Assault/Battery)**
**(Against Defendants HONEA, COUNTY, MAXIE, LOCKHART, WILLIAMSON, DARNELL, ASHLEY)**

58. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 57 of this Complaint.

59. On November 15, 2019, PETTIGREW told a deputy that he anticipated a seizure. He asked staff for his seizure medication. The staff did not give PETTIGREW his seizure medication. PETTIGREW suffered a seizure. PETTIGREW fell off the top bunk. He hit his head on the floor. Deputies C. LOCKHART and WILLIAMSON entered the cell. The deputies intentionally hit PETTIGREW on the head with a stick without any provocation or cause. Then, they dragged him down a flight of stairs, further injuring him. Next, one of the DEPUTIES put their knees on PETTIGREW'S chest. PETTIGREW suffered the following injuries: lumps on his head, two black eyes, cuts on his eyebrows, and bruising on his chest. LOCKHART and WILLIAMSON actions were excessive and unreasonable compared to the threat that PETTIGREW posed during a seizure.

60. Defendants' conduct was neither privileged nor justified under state statute or common law. As such, defendants' use of excessive force amounts to assault and battery.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
**(Medical Negligence)**
**(Against All Defendants)**

61. PLAINTIFFs hereby re-allege and incorporate each and every paragraph in this Complaint as is fully set forth here.

62. Decedent was under the care and treatment of Defendants WELLPATH, ASHLEY, MAXIE, DANIELLE, and DOES 1-50, who were required to examine, treat, monitor, prescribe for and care for him. Defendants WELLPATH,  MAXIE, ASHLEY, LOCKHART, WILLIAMSON, DARNELL, DANIELLE and DOES 1-50, acting within the scope and course of their employment with Defendant COUNTY, negligently, carelessly and unskillfully cared for, attended, handled, controlled; failed to follow-up; failed to classify, failed to appropriately diagnose; and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient CODY PETTIGREW.

63.  As a direct and legal result of the aforementioned negligence and carelessness of Defendants actions and omissions, PLAINTIFF sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages as described herein and as applicable to this claim for Medical Negligence, to be proven at time of trial.

WHEREFORE, PLAINTIFFs pray for relief as hereinafter set forth.

### JURY DEMAND

PLAINTIFF hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, PLAINTIFF prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For injunctive relief as the court deems appropriate including that the policies of Defendant County for policy or policies relevant to authorizing, allowing, or ratifying

        the practice by its Jail Personnel of being deliberately indifferent to mental/psychiatric/medical health needs of the inmates;

6.     For cost of suit herein incurred; and

7.     For such other and further relief as the Court deems just and proper.

Dated: May 6, 2020                                        **LAW OFFICES OF JOHN L. BURRIS**

                                                                      /s/ *John L. Burris*
                                                                      John L. Burris, Esq.
                                                                      Ben Nisenbaum, Esq.
                                                                      James Cook, Esq.
                                                                      Attorneys for PLAINTIFF
                                                                      MICHAEL DAVID PETTIGREW